UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Bryan Tessanne**<br>332 Oneida Ave. NW<br>Canton, OH 44708<br><br>and<br><br>**Richard Brimer**<br>275 Wilson Rd.<br>Wadsworth, OH 44281<br><br>    Plaintiffs, on their own behalf and on behalf of the class similarly situated,<br><br>-vs.-<br><br>**Children's Hospital Medical Center of Akron**<br>c/o Christopher Gessner<br>One Perkins Square<br>Akron, OH 44308<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**JURY DEMAND ENDORSED HEREON** |

    Plaintiffs Bryan Tessanne and Richard Brimer, individually and for a proposed class of others similarly situated, submit this Complaint against Defendant Children's Hospital Medical Center of Akron, operating under the registered trade name "Akron Children's Hospital," to obtain injunctive relief to against Defendant for violating their First Amendment right to freely exercise their religion. Defendant failed to engage in a meaningful interactive process to determine whether reasonable accommodations could be made to ensure Plaintiffs could freely exercise their religious beliefs and thus decline the experimental SARS-CoV-2 injection(s) after Defendant mandated the injections due to the rule promulgated by the Centers for Medicare and Medicaid Services

("CMS"). Defendant placed Plaintiffs on leave without pay unless and until Plaintiffs comply by receiving the experimental injection, with the expectation that Plaintiffs will be terminated officially at the end of February 2022.

## INTRODUCTION

1. Courageous front-line workers at Akron Childrens Hospital were exposed to SARS-CoV-2 daily for the past two years. This exposure led to robust natural immunity which allowed them to continue to serve the community. The Centers for Disease Control and Prevention (CDC) has recognized that those who have recovered from SARS-COV-2 have more protection against infection than those who have only been vaccinated.[1] Employees who sought religious exemptions for sincerely held religious belief grounds have been flatly rejected by Akron Childrens Hospital. Childrens Hospital has committed religious discrimination against them. On November 5, 2021, the Centers for Medicare and Medicaid Services (CMS) published an interim final rule (IFR) requiring healthcare workers at facilities receiving Medicare and Medicaid reimbursement to be vaccinated against SARS-COV-2 by January 4, 2022. Twenty-four states sued CMS to enjoin enforcement of the IFR in U.S. federal district courts in Louisiana and Missouri. Ohio joined the Louisiana lawsuit. The district courts enjoined the IFR, the Fifth and Eighth Circuit Courts of Appeals upheld the injunctions. Then, CMS appealed to the U.S. Supreme Court which ruled for CMS January 13, 2022.

2. In a 5-4 decision, the U.S. Supreme Court held that U.S. Secretary of Health and Human Services, Xavier Becerra, who is in charge of CMS, did not exceed his statutory authority when he issued the IFR. The Court reasoned Congress authorized Becerra to impose conditions on receiving Medicare and Medicaid funds "the Secretary finds necessary in the interest of the health

---

[1] https://www.cdc.gov/mmwr/volumes/71/wr/mm7104e1.htm?s_cid=mm7104e1_w

and safety of individuals who are furnished services." Because the Secretary determined that SARS-COV-2 vaccinations would reduce the chance healthcare workers would contract the virus and transmit it to patients, the Court held the Secretary's action was within his authority. The Court based its decision on the fact that CMS already requires healthcare facilities to adopt infection control measures, and most states require healthcare workers to be vaccinated against various diseases such as influenza and Hepatitis-B.

3.  After the decision, CMS extended the deadlines for healthcare workers in Ohio, to obtain SARS-COV-2 vaccinations. Under guidance by CMS issued on January 14, 2022, healthcare workers including employees, contractors, volunteers and students without religious or medical exemptions must receive their first dose by February 14, 2022 and final dose by March 15, 2022.[2]

4.  Despite the extended deadlines, Akron Childrens Hospital required its employees to receive the SARS-CoV-2 injections by January 11, 2022.

5.  Despite the opportunity under the IFR for religious and medical exemptions, Akron Childrens Hospital denied hundreds of these requests, including the Plaintiffs' requests and those similarly situated.

6.  Defendant's policy was occasioned by the mandates of the Federal Government and the threats that underly those mandates, namely that the institutions may be ineligible to receive Medicare and Medicaid money if they do not enforce compliance. Thus, the Federal Government's mandates *provide such significant encouragement* that Defendant's actions regarding the SARS-CoV-2 injection mandates and exemptions are deemed in law to be that of the government. *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

---

[2] https://www.cms.gov/files/document/qso-22-09-all-injunction-lifted.pdf

Case: 5:22-cv-00354-CEF Doc #: 1 Filed: 03/03/22 4 of 11. PageID #: 4

7. On January 11, 2022, Defendant suspended all employees who were not "fully vaccinated," stating that they would be terminated effective January 27, 2022 if they remained noncompliant with the policy. Defendant states Plaintiffs' jobs will be held until February 27, 2022, and if Plaintiffs comply before that date they may return to their respective jobs. If by February 28, 2022 Plaintiffs remain noncompliant with the policy, however, Plaintiffs will have to re-apply for their jobs if they wish to return to work at Akron Children's Hospital.

8. Defendant violated the First Amendment by denying Plaintiffs' requests for religious exemptions and coercing them to take emergency authorized injections as described below.

9. Rather than comply with their obligations under the First Amendment, Defendant threatened to terminate Plaintiffs if they did not receive a SARS-CoV-2 injection.

10. Defendant's constitutional violations have left Plaintiffs with the choice of taking the SARS-CoV-2 injection at the expense of their religious beliefs and health or losing their jobs.

11. This suit seeks to remedy Defendant's constitutional violations.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

13. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202.

14. Venue is proper under 28 U.S.C. § 1391(b) because the events complained of occurred in this District and Division.

## PLAINTIFFS

15. Brian Tessane is a certified surgical technologist who was been employed by Defendant for five years. He submitted a request for reasonable accommodations due to his Christian faith which Defendant denied. Mr. Tessanne was officially terminated on January 27, 2022 and will

4

lose his position officially on February 28, 2022 if he does not complete a course of the experimental SARS-CoV-2 injection, which he cannot do for religious reasons.

16. Richard Brimer worked at the help desk of Akron Children's Hospital for over two years. He submitted a request for reasonable accommodations due to his Christian faith which Defendant denied. Mr. Brimer was officially terminated on January 27, 2022 and will lose his position officially on February 28, 2022 if he does not complete a course of the experimental SARS-CoV-2 injection, which he cannot do for religious reasons.

### DEFENDANT

17. Children's Hospital Medical Center of Akron, known as "Akron Children's Hospital," is a pediatric acute care hospital in Northeast Ohio that provides care to infants, children, adolescents, young adults, and some older adults. Defendant is headquartered in Akron, Ohio.

### FACTUAL ALLEGATIONS

**A. The SARS-COV-2 Pandemic and Response**

18. By spring 2020, the novel coronavirus commonly known as SARS-COV-2 spread world-wide.

19. Since then, at least three separate SARS-COV-2 injections have been developed and authorized for emergency use in the United States. The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer-BioNTech messenger RNA injection on December 1, 2020. One week later, the FDA issued a second EUA for the Moderna mRNA SARS-CoV-2 injection. Finally, the FDA issued an EUA for the Johnson & Johnson SARS-CoV-2 injection on February 27, 2021.

20. On August 23, 2021, the FDA issued full approval for the Pfizer injection called Comirnaty for individuals 16 years of age and older. Pfizer's EUA also remains in place.

21. To date, the FDA has not issued any other injection approvals.

22. Upon information and belief Comirnaty is not available to the general public in the United States.

**B. Defendant's Mandates and Plaintiffs' Requests for Accommodation**

23. On or about November 19, 2021, Defendant officially adopted a policy, consistent with the CMS rule described above, requiring all employees to take one of the three the experimental SARS-CoV-2 injections.

24. When Defendant announced the mandate, it stated that employees could request accommodations for religious or health reasons. The CMS rule requires that entities such as Defendant implement a process to review requests for accommodations based on sincerely held religious beliefs.

25. Plaintiffs and those similarly situated submitted requests for accommodation based on their sincerely held Christian beliefs and were summarily denied by Defendant.

26. Defendant failed to engage in a meaningful interactive process with Plaintiffs and those similarly situated, even though Plaintiffs thoroughly explained the basis of their beliefs and why those beliefs prevent Plaintiffs from receiving the SARS-CoV-2 injections.

27. Defendant implemented its policy and terminated Plaintiffs according to the mandates and guidance set forth by the Federal Government; Defendant, though a private entity, is a federal actor.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs sue individually and under Federal Rule of Civil Procedure 23(b)(2) on behalf of themselves and the following class:

    a. All persons who requested reasonable accommodations from the SARS-CoV-2 injection policy due to their sincerely held religious beliefs and who were summarily denied by Defendant absent a meaningful interactive process to determine whether reasonable accommodations could be made.

    b. Excluded from the class is Akron Children's Hospital, its officers and directors, counsel of record and their parents, spouses, and children, and judicial officers and their parents, spouses, and children.

29. Plaintiffs are class members. They can ascertain the class size and class members' identities, which likely number in the hundreds. Plaintiffs have currently identified sixty-five individuals, including themselves, as class members, and can ascertain the remaining members through Defendant's records, which under the CMS rule Defendant is mandated to maintain.

30. Plaintiffs' claim is typical of class members' claims because their claim is based on a violation of Plaintiffs' First Amendment right to freely exercise their religion.

31. Common factual and legal questions exist among Plaintiffs and class members. These common questions predominate over questions that might affect only individual class members' claims and generate common answers including:

    a. Whether Defendant engaged in a meaningful dialogue with Plaintiffs to determine whether reasonable accommodations could be made;

    b. Whether reasonable accommodations could be made whereby Plaintiffs could continue in their religious observances without being coerced to take an experimental injection prohibited by their religious observances;

    c. Whether Defendant is a federal actor; and

    d.    Whether Defendant violated Plaintiffs' rights under the First Amendment to the United States Constitution.

32. Absent a class action, most class members will find the cost of litigating their claims prohibitive and will have no effective remedy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation, particularly as to liability because a class action conserves the courts' resources and promotes consistent and efficient adjudication.

33. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions with expertise in constitutional and civil rights litigation. Neither Plaintiffs nor their counsel have interests adverse to those of the other class members.

**COUNT I**
**Violation of the Free Exercise Clause**
**of the First Amendment to the United States Constitution**
**(Asserted under 28 U.S.C. § 2201, *et seq*.)**

34. Plaintiffs restate the foregoing paragraphs as if set forth fully herein.

35. The Free Exercise Clause of the First Amendment to the United States Constitution prohibits the federal government from abridging Plaintiffs' rights to free exercise of religion. The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits states from abridging Plaintiffs' rights to free exercise of religion.

36. Plaintiffs have sincerely held religious beliefs that prevent them from receiving the SARS-CoV-2 injections.

37. Plaintiffs requested religious accommodations from Defendant's injection mandate.

38. Defendant responded to Plaintiffs' requests by giving the employees the false choice between one of the injections and effective termination.

39. As shown above, Defendant is a governmental actor. Its actions as set forth herein were all undertaken in accordance with policies, practices, customs, and procedures created, adopted, and enforced under color of federal law.

40. Defendant's refusal even to attempt to genuinely accommodate Plaintiffs after purporting to entertain their requests for exemptions discriminates against Plaintiffs due to their sincerely held religious beliefs by forgoing any meaningful interactive dialog and by imposing harsh and punitive conditions on them solely because they have sought religious exemptions from the mandate.

41. Defendant's actions impermissibly burden Plaintiff's sincerely held religious beliefs, compel them to abandon their beliefs or violate them under coercion, and force Plaintiffs to choose between their religious convictions and their continued employment.

42. Defendant's actions strip Plaintiffs of the right to religious exemption by subjecting them to unduly harsh and punitive measures including termination.

43. There is no legitimate, rational, or compelling interest in Defendant's exclusion of exemptions and accommodations for sincerely held religious beliefs, especially given the following facts: (a) those exempted for reasons of "health" are no less susceptible of contracting and spreading SARS-CoV-2 (the prevention of which is the very reason for the vaccine mandate) than those who would be exempted for reasons of religion; (b) the available SARS-CoV-2 injections are clearly failing to prevent transmission or infection, so that "booster shots" are now being promoted; (c) even the vaccinated must continue to wear masks as if they were not vaccinated because they can still be infected or infect others; (d) naturally immune persons who have recovered from SARS-CoV-2 have superior immunity and do not need vaccination; (e)

vaccinating naturally immune people may harm them by causing a hyper-immune response; and (f) some Plaintiffs and many others not before the Court have been working from home for many months, for whom accommodation would cost Defendant nothing.

44. Defendant's denial of genuine accommodations is not the least restrictive means of achieving a government interest, which could be achieved by the protective measures such as masking and testing, and by allowing those working from home to continue doing so.

45. Plaintiffs' religious beliefs and protected activity were the causes of Defendant's adverse employment action.

46. Defendant's actions have caused, are causing, and will continue to cause irreparable harm and actual and undue hardship to Plaintiffs by forcing Plaintiffs to choose between violating their sincerely held religious beliefs or losing their jobs.

47. Plaintiffs have no adequate remedy at law to prevent the continuing violation of their constitutional liberties and sincerely held religious beliefs. Plaintiffs require declaratory and injunctive relief to protect their federally protected right to free exercise of religion.

## PRAYER FOR RELIEF

Plaintiffs request that the Court:

a. Declare Defendant violated the First Amendment of the United States Constitution by denying the request of Plaintiffs and those similarly situated for religious exemptions and coercing them to take emergency authorized injections.

b. Issue a temporary restraining order and/or preliminary injunction, followed by a permanent injunction, enjoining Defendant from terminating or placing on indefinite unpaid leave any employee who has a religious basis for seeking an accommodation. The Court should enjoin such actions until Defendant completes the interactive process for employees who

  request an accommodation and Defendant has granted reasonable accommodations as required by federal law.

c. Award Plaintiffs, and those similarly situated, damages including back pay, reinstatement or front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages as applicable.

d. Award Plaintiffs reasonable attorneys' fees and costs.

e. Grant any other relief that the Court deems just, proper, and equitable.

f. Under Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues upon which there is a federal right to a jury trial.

              Respectfully Submitted,

              /s/Warner Mendenhall
              Warner Mendenhall (0070165)
              Brian Unger (0096884)
              Mendenhall Law Group
              190 North Union St., Suite 201
              Akron, OH 44304
              330.535.9160; f 330.762.9743
              warner@warnermendenhall.com
              brian@warnermendenhall.com
              Attorneys for Plaintiffs

## **JURY DEMAND**

A trial by jury is demanded for all issues so triable in this case.

              Respectfully Submitted,

              /s/Warner Mendenhall
              Warner Mendenhall